# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50197 | **DATE** | 6/3/2002 |
| **CASE TITLE** | HOME DEPOT vs. KRAUSE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the order of the bankruptcy court approving the rejection of the VBA is affirmed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUN - 3 2002 | 13 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. Clerks Office - BK Judge | docketing deputy initials | |
| X | Copy to judge/magistrate judge | 6-3-02 | |
| /SEC | courtroom deputy's initials | 2002 JUN -3 PM 2:58 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

The Home Depot U.S.A., Inc. ("Home Depot"), a creditor of debtor, Krause, Inc., appeals from an order of the bankruptcy court approving debtor's rejection of an executory contract. At the time the order was entered, debtor was operating as debtor in possession in a chapter 11 proceeding. During the pendency of the appeal, after briefing was completed, the case was converted to chapter 7. The chapter 7 trustee, Bernard Natale, appeared before the court on behalf of the bankruptcy estate in this appeal and is hereby substituted as the appellee. Debtor filed a voluntary chapter 11 bankruptcy case, the filing of which constitutes an order for relief, on June 13, 2000. On December 28, 2000, debtor filed its motion to reject the executory contract. The bankruptcy court entered an order approving the rejection on March 21, 2001. Home Depot filed timely notice of appeal. Jurisdiction is proper under 28 U.S.C. § 158(a)(1).[1]

The contract at issue is the Vendor Buying Agreement ("VBA") between debtor, as vendor, and Home Depot. The VBA is the only evidence in the record. Included as a part of the VBA is a Purchase Order Agreement ("POA"). (POA ¶23) The POA provides that every purchase order from Home Depot to debtor is subject to all terms and conditions contained in the POA. (Id. ¶1) Among its other terms, the POA requires debtor to indemnify Home Depot (id. ¶17), to "procure and maintain Products Liability and completed Operations Liability Insurance on an occurrence basis with limits of not less than $2,000,000 per occurrence . . . " (id. ¶18), and to name Home Depot as an additional insured under the policy. (Id.) It appears from the motion, briefs, and arguments of counsel in the bankruptcy court, and on appeal, that, at the time of the filing of the bankruptcy petition, Home Depot had pending unfilled orders with debtor, that subsequently Home Depot placed new orders and that Home Depot later cancelled all its outstanding orders with debtor in December 2000, prior to the motion to reject the executory contract being filed. While it does not appear from the record that evidence of these facts was presented or stipulated, it does appear the parties assume these facts to be correct.

The debtor in possession may reject an executory contract in a chapter 11 case. 11 U.S.C. §§ 365(a), 1107(a). A contract is executory where significant unperformed obligations remain on both sides and the nonperformance of either party would constitute a material breach. See In re Streets & Beard Farm P'ship, 882 F.2d 233, 235 (7th Cir. 1989). The Purchase Order Agreement, which is expressly incorporated into the VBA, provides among other things that debtor has a continuing obligation to procure and maintain product liability insurance covering claims from debtor's products on an occurrence basis. This obligation existed as of the order for relief and constituted a continuing obligation. Debtor, therefore, had a significant unperformed obligation under the VBA. Similarly, as of the filing of the bankruptcy case, creditor had the obligation to pay for products delivered to it under the VBA. Failure of either party to perform its obligation would constitute a material breach. See id. Home Depot argues it had no obligations under the VBA and, therefore, the VBA could not be executory. However, the POA, which forms a part of the VBA, expressly makes all purchase orders subject to the POA and therefore a part of the VBA. (POA ¶¶1, 23) Home Depot was obligated to pay for delivered product. This was a significant unperformed obligation. See In re Teligent, Inc., 268 B.R. 723, 732 (Bankr. S.D. N.Y. 2001)( if both parties have substantial unperformed obligations the contract is executory even though one party's unperformed obligation only involves the payment of money). Accordingly, the contract was executory and the bankruptcy court properly allowed debtor to reject it.

Home Depot also argues the bankruptcy court erred in providing in the order that "any claim which Home Depot may have or allege to have arising from the Debtor's rejection of the VBA is to be treated, '. . . as if such claim had arisen before the date of filing of the [Debtor's] petition.'" Home Depot suspects the purpose of this language being included in the order drafted by debtor's counsel is to preclude Home Depot from seeking administrative expense status under 11 U.S.C. § 503(b) for claims arising from post-petition purchase orders. The question of administrative expense status was not before the bankruptcy court and its decision to approve the rejection of the contract does not decide the issue. Debtor's counsel acknowledged it was not seeking to determine administrative expense claims with the motion to reject. (Tr. Jan. 17, 2001, p. 16). While under 11 U.S.C. § 365(g)(1) rejection constitutes a breach of the contract immediately before the date of the filing of the petition for the entire contract (there is no bifurcation into performed and unperformed portions), see Sharon Steel Corp. v. National Fuel Gas Distribution Corp., 872 F.2d 36, 41 (3rd Cir. 1989), a creditor still may be entitled to administrative expense status for post-petition, pre-rejection contract performance. See id. All the bankruptcy court concluded was that the post-petition orders were not separate contracts but were governed by the VBA, a pre-petition executory contract subject to rejection.

Home Depot also challenges the portion of the bankruptcy court's order deeming the rejection effective December 1, 2000. Debtor's motion sought a December 1, 2000 effective date. (R. 155 ¶9). Home Depot did not argue against this effective date in the bankruptcy court and the argument is therefore waived. See In re: Rimsat, Ltd., 212 F.3d 1039, 1048 (7th Cir. 2000).

For the foregoing reasons, the order of the bankruptcy court approving the rejection of the VBA is affirmed.

---

[1] The court asked for supplemental briefs on whether the conversion of the case to chapter 7 rendered the appeal moot. Because a ruling in favor of Home Depot on the issue of the effective date of rejection could affect amounts it could seek to recover as administrative expenses under 11 U.S.C. § 503(b), the appeal is not moot. See In re UNR Indus., Inc., 20 F.3d 766, 768( 7th Cir. 1994)(as long as some form of meaningful relief is possible case is not moot).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Home Depot USA, Inc. **JUDGMENT IN A CIVIL CASE**

v. Case Number: 01 C 50197

Krause, Inc.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the order of the bankruptcy court approving the rejection of the VBA is affirmed.

FILED-WD
2002 JUN -3 PH 2:58
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 6/3/2002

Susan M. Wessman, Deputy Clerk